**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**SUNNY L. JOHNSON and
LAWRENCE A. JOHNSON, SR.**,

    Plaintiffs,

v.                                              No. 1:10-cv-00683 RB/RHS

**EXPERIAN; EQUIFAX; TRANS UNION, LLC[1];
FAIR ISAAC CORP.; BARCLAY'S
BANK; JUNIPER BANK; CHASE BANK;
APPLIED BANK; AT&T; NCO
FINANCIAL SYSTEMS; QWEST;
TARGET NATIONAL BANK; HOME
DEPOT; TRS RECOVERY SERVICES;
VERIZON WIRELESS; FIRST
CONSUMERS NATIONAL BANK**;
**MIDLAND CREDIT MANAGEMENT;
HOUSEHOLD BANK; CAPITAL ONE;
CITIBANK; VONAGE; DOE #1-#5**,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on pro se Plaintiffs Sunny L. and Lawrence A. Johnson's *Motion to Amend and Remand*, filed July 26, 2010 (Doc. 21). As explained below, because the Defendants did not adequately demonstrate in the notice of removal that there is complete diversity between the Plaintiffs and the original Defendants, the Court will require the remaining Defendant in this case to file an amended notice of removal before ruling on this motion.

The Johnsons filed their original Complaint in the 13th Judicial District of New Mexico on June 14, 2010, making various allegations (many of them totally unconnected) under state law against twenty-one Defendants, including the three major credit-reporting agencies, banks, telephone

---

[1] Trans Union, LLC filed a statement correcting the name under which it had erroneously been sued as "Transunion." *See* Doc. 2.

companies, stores, and collection agencies. Since that time, the record reflects that the Johnsons have voluntarily dismissed fifteen of the Defendants. *See* Docs. 10-20, 28, 38, 41, 42, 46. In their *Motion to Amend*, the Johnsons allege that they also have voluntarily dismissed claims against four additional Defendants, but those dismissals are not reflected in the record. *See* Doc. 21 at 1-2 (stating that they have dismissed their claims against Defendants Chase Bank, Applied Bank, Capitol One, and Vonage). Thus, according to the record and the Plaintiffs' statements, only Juniper Bank and Household Bank remain as Defendants in the case. The record does not reflect, however, that Juniper Bank has ever been served with process, and no one has entered an appearance or filed an answer on its behalf. The Court notes that the Original Complaint alleges only that "Barclay's Bank Delaware and Juniper/Carnival Cruise placed unauthorized charges on Plaintiffs' credit cards and/or accounts and subsequently disseminated incorrect and harmful information to various credit reporting agencies or to other commercial businesses . . . .," Doc. 1, Ex. 1 at 11 (Complaint at 7), and that the Plaintiffs have dismissed their claims against Barclay's Bank, the joint actor, *see* Doc. 12. Further, the Plaintiffs' proposed Amended Complaint does not make any allegations regarding Juniper Bank. Thus it appears that the only claim that potentially remains is one against Household Bank, which has entered an appearance in this case, but which has not yet filed an answer. *See* Docs. 36, 43.

On July 19, 2010, former Defendant Trans Union, LLC removed the case to this Court on its unsupported claim that the parties were completely diverse. *See* Doc. 1. Trans Union acknowledged that the Plaintiffs had not set out the citizenship of any party in their Complaint. *See id.* at 3. But instead of setting out the citizenship of each of the corporate defendants, Trans Union alleged only that none of the three credit reporting agencies nor the Fair Isaacs Corporation (who all joined in consenting to removal) are citizens of New Mexico, and then stated a conclusion,

"[u]pon information and belief," that none of the 18 other Defendants were New Mexico citizens. *Id.* Because it apparently had not been served at the time Trans Union removed the case to federal court, *see id.* at 4, Household Bank did not consent to the removal.

In their motion to amend and remand, the Plaintiffs do not discuss the citizenship of the Defendants; instead they request remand based only upon their assertion that the amount in controversy, after dismissal of fifteen of the Defendants, no longer meets the statutory minimum required by the diversity statute. This basis for remand, of course, must be rejected. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (noting that, when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction").

The Court is concerned, however, that its subject-matter jurisdiction arising from complete diversity between the parties has never been adequately established. " [T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). As the party asserting federal jurisdiction, Trans Union bore "the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). A defendant does that by setting "forth, in the notice of removal itself, the '*underlying facts* supporting [the] assertion that'" diversity jurisdiction exists. *Laughlin*, 50 F. 3d at 873 (italics in original). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Id.*

> Facts which are, or should be, within [a party's] knowledge should be alleged positively and not on information and belief. However, he or she may allege on information and belief facts not presumptively within his or her knowledge, those which are primarily or peculiarly within the [other party's] knowledge, or which the [party] can learn only from statements made to him or her by others, or matters

3

which are the subject of opinion

13 C.J.S. PLEADING § 139; *see Whitley v. Frazier*, 21 Ill. 2d 292, 294-95, 171 N.E.2d 644, 646 (Ill. 1961) ("It is clear that an allegation made on information and belief is not equivalent to an allegation of relevant fact. The issue on such an averment simply challenges the existence of the information and belief, not the truth of the facts to which reference is thus made [,] . . . and proof that the plaintiffs were informed of or believed certain facts obviously could not support a finding that they are true in fact.") (citations omitted); *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . ."). *Cf. United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.*, No. 99-3105, 232 F.3d 902, 2000 WL 1595976, *4 (10th Cir. Oct. 26, 2000) (unpublished) (noting, in case challenging the sufficiency of a complaint, that "[a]llegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge, [but] even in such situations the complaint must set forth the factual basis for the plaintiff's belief") (internal quotation marks omitted).

A notice of removal based on diversity is "defective [if] it fail[s] to account for the citizenship of all" of the defendants. *Jenkins v. MTGLQ Investors*, Nos. 05-4057, 05-4237, 05-4287, 06-4051, 218 Fed. Appx. 719, 723, 2007 WL 431498, *2 (10th Cir. Feb. 9, 2007). Here, because Trans Union failed to account for the citizenship of each of the Defendants by making affirmative factual allegations from which the Court could clearly determine whether the parties are completely diverse, it filed a defective notice of removal.

The Court must satisfy itself that it in fact has subject-matter jurisdiction before it may proceed to issue rulings in this case. *See Laughlin*, 50 F.3d at 873 (stating, "if the parties fail to raise

the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter"); *Watkins v. Terminix Int'l Co.*, Nos. 96-3053, 96-3078, 1997 WL 34676226 (10th Cir. May 22, 1997) (declining to reach merits of appeal and remanding case to district court because "[d]iversity jurisdiction is not pleaded or established properly in that the citizenship of the general and limited partners of the [defendant] was never pleaded, nor otherwise established. Consequently, the record lacks sufficient information to determine whether the court below had diversity jurisdiction."). The Court will give Household Bank an opportunity to amend the notice of removal to adequately state the citizenship[2] of each original Defendant. *See McNutt*, 298 U.S. at 189 (holding that a district "court may [] insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence"); *Jenkins*, 218 Fed. Appx. at 723, 2007 WL 431498 at *2 (giving the defendants an opportunity to amend the notice of removal); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). If Household Bank does not file an amended notice of removal within 10 days of the filing of this Order, the Court shall, without further notice, remand the case to state court for lack of subject-matter jurisdiction. If the jurisdictional allegations in the amended notice are adequate to establish complete diversity, the Court will issue an Order resolving the pending motions.

**IT IS ORDERED** that Household Bank shall file an amended notice of removal as set forth above within 10 days of the filing of this Order.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Section 1332(c)(1) provides that, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."